T.C. Memo. 2009-109

UNITED STATES TAX COURT

ALAN L. MAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11837-07, 11842-07.    Filed May 20, 2009.

Alan L. Main, pro se.

<u>Kelly R. Morrison-Lee</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  After concessions, the remaining issue for decision is whether petitioner's 2000 and 2001 overpayments, which are barred by the statute of limitations, may offset

petitioner's 1999 income tax liability.  The parties submitted these cases fully stipulated pursuant to Rule 122.[1]

<u>Background</u>

During 2000 and 2001, petitioner received taxable income from wages and other sources but did not file Federal income tax returns relating to those years.  On February 26, 2007, respondent sent petitioner notices of deficiency.  With respect to 2000, respondent determined that petitioner was liable for a deficiency and additions to tax for failure to file a return, pursuant to section 6651(a)(1); failure to timely pay tax, pursuant to section 6651(a)(2); and failure to pay estimated income tax, pursuant to section 6654(a).  With respect to 2001, respondent determined that petitioner was liable for a deficiency and section 6651(a)(1) and (2) additions to tax.  After the issuance of the notices of deficiency, petitioner submitted Federal income tax returns relating to 2000 and 2001 reporting overpayments.

On May 25, 2007, petitioner, while residing in Gaithersburg, Maryland, filed petitions with this Court relating to the notices of deficiency.  On April 23, 2008, this Court granted the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

parties' joint motion to consolidate for trial, briefing, and opinion.

## Discussion

While petitioner readily acknowledges that the statute of limitations bars a refund of the 2000 and 2001 overpayments, he contends that "it is only just and fair that * * * [his outstanding tax liability] for 1999 be discharged." We do not have jurisdiction over the 1999 tax year. See secs. 6213(a), 6512(b)(1), (2), and (3). Accordingly, petitioner is not entitled to relief.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decisions will be entered under Rule 155.